UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NORMAN BARKER, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. 2:13-cv-269-JMS-WGH |
| | ) |
| RICHARD BROWN, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Norman Barker for a writ of habeas corpus challenges prison disciplinary proceedings identified as WVD 13-01-0082 and WVD 13-01-0106. For the reasons explained in this Entry, Barker's habeas petition must be **denied**.

**Discussion**

**A. Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearings**

On January 17, 2013, Officer Griffith wrote a Report of Conduct in case WVD 13-01-0082 charging Barker with possession of intoxicants. The Report of Conduct states:

> On 1/17/13 at approx. 0835, I, c/o M. Griffith, while conducting a shakedown of cell 415, did find about 3 gallons of what appears and smells like 'Hooch.' The intoxicants were taken to evidence locker where photos were taken. 'Hooch' destroyed. Conduct Report was written.

On January 25, 2013, Barker was notified of the charge of possession of intoxicants and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report." Barker was notified of his rights, pled not guilty and did not request the appointment of a lay advocate. He did not request any witnesses or physical evidence. The hearing officer conducted a disciplinary hearing in WVD 13-01-0082 on January 28, 2013. At the hearing Barker changed his plea from not guilty to guilty, and the hearing officer found Barker guilty of the charge of possession of intoxicants. In making this determination, the hearing officer considered the offender's statements, staff reports, evidence from witnesses, confiscation slips, and photographs of the alcohol. The hearing officer recommended and approved the following sanctions: a written reprimand, one month lost commissary and phone privileges, a suspended 45 day deprivation of earned credit time, and imposition of a previously suspended sanction which resulted in a demotion from credit class I to credit class II.

Barker appealed to the Facility Head on February 12, 2013. The Facility Head denied the appeal on April 15, 2013. Barker's appeal to the Appeal Review Officer was denied on May 14, 2013.

On January 28, 2013, Officer Hightshoe wrote a Report of Conduct in case WVD 13-01-0106 charging Barker with making or possession of intoxicants. The Report of Conduct states:

> On 1-28-13 at approx. 6:45 am I c/o Hightshoe was working the right wing of mhu. At the time I was conducting a security check, and smelled a strong odor of alcohol. Upon entering the cell I found that what appeared to be an orange liquid substance in a black pastic bag inside a[n] ice cooler, in cell #415. Offender Barker Norman is as[s]igned to mhu cell #415.

On February 1, 2013, Barker was notified of the charge of possession of intoxicants and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report". Barker was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He did not request any witnesses, but requested a copy of the policy that "states the liquid does not have to be tested for alcohol content".

The hearing officer conducted a disciplinary hearing in WVD 13-01-0106 on February 5, 2013. At the hearing, the hearing officer found Barker guilty of the charge of possession of intoxicants. In making this determination, the hearing officer considered the offender's statements, staff reports, and evidence from witnesses). The hearing officer recommended and approved the following sanctions: a written reprimand, one month lost commissary and phone privileges, a suspended three months of disciplinary segregation, imposition of the 45 day deprivation of earned credit time from case WVD 13-01-0082, and a suspended demotion from credit class II to credit class III.

Barker appealed to the Facility Head on February 18, 2013. The Facility Head denied the appeal on April 15, 2013. Barker's appeal to the Appeal Review Officer was denied on May 14, 2013.

**C. Analysis**

Barker challenges the disciplinary actions taken against him, arguing 1) the evidence was insufficient to support the charges; 2) his plea was involuntary; and 3) the decision-maker was not impartial.

    1. *Sufficiency of the Evidence*

Barker first claims that the evidence is insufficient to support his disciplinary convictions. Specifically, he argues that the liquid found in his cell was orange juice, not intoxicants. With regard to Barker's allegation of insufficient evidence, due process requires only that the Hearing

Officer's decision be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56. A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McBride,* 188 F.3d at 786. Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), the standard of 'some' evidence "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id*. Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*. This is a "lenient" standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649,

Both Reports of Conduct establish that in each instance, Barker was in possession of intoxicants. The Report of Conduct in case WVD 13-01-0082 states: "On 1/17/13 at approx. 0835, I, c/o M. Griffith, while conducting a shakedown of cell 415, did find about 3 gallons of what appears and smells like 'Hooch.' The intoxicants were taken to evidence locker where photos were taken. 'Hooch' destroyed." The Report of Conduct in case WVD 13-01-0106 states: "On 1-28-13 at approx. 6:45 am I c/o Hightshoe was working the right wing of mhu. At the time I was conducting a security check, and smelled a strong odor of alcohol. Upon entering the cell I found that what appeared to be an orange liquid substance in a black pastic bag inside a[n] ice cooler, in cell #415. Offender Barker Norman is as[s]igned to mhu cell #415."

Barker was charged with possession of intoxicants and this evidence is sufficient to support his conviction.

2. *Voluntariness of Guilty Plea*

Barker also argues that his plea in each case was not voluntarily given because he was threatened that if he did not plead guilty to the conduct reports, he was going to be found guilty and moved to a lock-up unit. Even without Barker's guilty plea, however, there is sufficient evidence to sustain his guilt for possession of intoxicants. *See Reddy v. Cotton*, 173 F. App'x 497, 499 (7th Cir. 2006). Barker has therefore identified no violation of his due process rights.

3. *Impartial Decision-maker*

Barker finally argues that the hearing officer in each case was not impartial because he was a correctional officer and is "automatically going to decide in favor of the institution." A procedural due process right during a disciplinary hearing is the right to be heard before an impartial decision maker. *Hill,* 472 U.S. at 454 Federal courts employ an initial presumption that disciple hearing officers properly discharge their duties. *See Bracy v. Gramley,* 520 U.S. 899, 909 (1997); *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir.2003) ("Adjudicators are entitled to a presumption of honesty and integrity."). This presumption can be overcome with "clear evidence to the contrary." *See United States v. Armstrong,* 517 U.S. 456, 464 (1996). Barker provides no proof that the hearing officer was impartial. He has therefore failed to rebut the presumption that the hearing officer acted appropriately.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceeding which entitles Barker to the relief he seeks. Accordingly, Barker's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: __February 5, 2015__

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Norman Barker
178485
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel